UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL RAY ARROYO,
          Plaintiff,

          v.

                                                    CIVIL ACTION NO.
                                                    12-11746-GAO
STATE OF MASSACHUSETTS,
          Defendant.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

On September 11, 2012, Plaintiff Michael Ray Arroyo ("Arroyo"), a resident of Franklin,

Massachusetts, filed a self-prepared Complaint.  The document consists of several paragraphs set

forth in narrative form.  From what can be discerned, Arroyo alleges that he is the victim of

identity theft, and that the Social Security Administration ("SSA") (through its Massachusetts

branch) refuses to change his social security number despite knowing of the identity theft.[1]  He

asserts that he is an American citizen, born in New York, and that he "deserve[s] to live a

healthy private life" and "deserve[s] to live a private loving relaxing life."  Compl. (Docket No.

1 at 2 and 3).  He attaches a copy of his social security card, and a copy of the front and back of a

U.S.D. one dollar bill with a copy of his driver's license and social security card.  That exhibit

contains the handwritten notation: "'In God We Trust' God Bless America Thank You 'the

---

[1]On August 28, 2012,  Arroyo filed a self-prepared Complaint against the
Commonwealth of Massachusetts.  His claims stemmed alleged physical abuse by hospital staff
and medical malpractice during a surgical operation.   See Arroyo v. State of Massachusetts,
Civil Action No. 12-11695-WGY.  In 2008, Arroyo filed, through counsel, a suit against the
Commissioner of the SSA seeking judicial review of the denial of disability benefits.  See
Arroyo v. Astrue, Civil Action No. 08-10301-NMG.  These two actions do not appear to be
related to the instant action.

future looks bright.'" Id. at 4.  Notably, that exhibit previously was submitted in Arroyo's

earlier, unrelated civil action, Arroyo v. State of Massachusetts, Civil Action No.

12-11695-WGY.

Arroyo did not pay the $350.00 filing fee, but contends that he does not have the funds to

pay the fee.  He did not file a  Motion for Leave to Proceed *in forma pauperis* as he did in his

prior civil action.

DISCUSSION

I.      The Filing Fee

The Court construes Arroyo's handwritten letter indicating he cannot afford to pay the

filing fee as a Motion for Leave to Proceed *in forma pauperis*.  Nevertheless, Arroyo did not sign

his request under the penalties of perjury as required.  See 28 U.S.C. § 1915(a)(1) ; Rowland v.

California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993).  In

Rowland, the United States Supreme Court stated: "[o]ne who makes this affidavit exposes

himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in

protection of the public against a false or fraudulent invocation of the statute's benefits."  Id. at

205 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338 (1948) quoting

Pothier v. Rodman, 261 U.S. 307, 309 (1923)).   Further, the perjury sanction is an important

requirement in protecting the public against misuse of public funds by a litigant who has

sufficient funds of his or her own, and against the filing of "frivolous or malicious" lawsuits

funded by the public.  Rowland, 506 U.S. at 205.

Thus, notwithstanding that Arroyo's financial disclosures made in Arroyo v. State of

Massachusetts, Civil Action No. 12-11695-WGY (Docket No. 2, filed August 28, 2012) indicate

that he financially would qualify for *in forma pauperis* status, this Court will not consider that

2

filing as applicable to this case.  Accordingly, Arroyo's Motion for Leave to Proceed *in forma pauperis* (contained in his handwritten letter, Docket No. 1 at 5) is <u>DENIED</u>.

Generally, this Court would afford a *pro se* litigant an opportunity to cure; however, none need be given in this case, for the reasons set forth below.

II.    <u>Screening of the Complaint</u>

Because Arroyo is not proceeding *in forma pauperis*, his Complaint is not subject to a statutory screening under 28 U.S.C. § 1915(e)(2).[2]  Nevertheless, this Court has inherent authority to manage its own cases and to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.  <u>See</u> <u>Bustos v. Chamberlain</u>, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") <u>citing</u>, *inter alia*, <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 307-308 (1989); <u>Pillay v. INS</u>, 45 F.3d 14, 16-17 (2d Cir. 1995) (where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority "wholly aside from any statutory warrant" to act *sua sponte*); <u>and</u> <u>Rolle v. Berkowitz</u>, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying *pro se* case is warranted where the claims presented no arguably meritorious issue to consider).  <u>See also</u> <u>Gaffney v. State Farm Fire and Cas. Co.</u>, 294 Fed. Appx. 975, 977 (5th Cir. 2008) (unpublished decision stating: "This court has on numerous occasions recognized the inherent

---

[2]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

authority of a district court to dismiss a complaint on its own motion for failure to state a claim.").

Additionally, this Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

For purposes of preliminary screening, the Court liberally construes Arroyo's Complaint because he is proceeding *pro se.*  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

III.    Failure to Plead Claims Pursuant to Fed. R. Civ. P. 8

Rule 8(a) requires a plaintiff to include in a complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir.2005); Phelps v.Local 0222, 2010 WL 3342031, at *5 (D. Mass. 2010).  The Complaint must afford the defendant(s) a " ['] meaningful opportunity to mount a defense.'" Diaz–Rivera v. Rivera–Rodriguez, 311 F.3d 119, 123 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)); see Redondo–Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005); Benyamin v.

Commonwealth Med. UMass Med. Ctr., Inc., 2011 WL 2681195, *2, (D. Mass. 2011) . "In a civil rights action as in any other action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriquenos en Action v. Hernandez, 367 F.3d 61, 68 (1st Cir.2004). Although "the requirements of Rule 8(a)(2) are minimal ... [,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)) (internal punctuation and additional citations omitted)).

Here, Arroyo's Complaint fails to set forth the "who, what, when, where, and why" information necessary to state a plausible claim upon which relief may be granted. Even under a broad reading, it fails to provide the Defendant sufficient notice of his claims so that a meaningful response could be filed.

IV.    Failure to State a Claim Upon Which Relief May Be Granted

Arroyo seeks unspecified help from the Court. Moreover, he has not identified with any particularity any legal theory of liability/cause of action for relief. Presumably, because he has named the Commonwealth of Massachusetts as the Defendant in this action, he seeks mandamus relief in the form of Order from this Court directing the Commonwealth of Massachusetts (through its public officials), to change his social security number.[3]  As such, Arroyo fails to a state plausible claim upon which relief may be granted.

First, this Court lacks mandamus authority to compel a state official to act in a particular manner. Section 1361 of title 28 provides statutory authority to grant mandamus relief; however,

---

[3]Although Arroyo's Complaint is silent as to the specific reasons why he seeks a new social security number, it may be that he is having difficulty obtaining some state or federal public benefit because of the alleged identity theft.

this statute applies only to compel an officer or employee of the United States or any agency (*i.e.*, _federal_ agencies or employees) to perform a duty owed. There is no mandamus authority to compel a state or its officers or employees to act in a particular manner.

Second, the Commonwealth of Massachusetts lacks authority to change Arroyo's social security number. That authority is wholly within the purview of the SSA, a federal agency. See 42 U.S.C. §§ 401 *et seq.*; United States v. Federal Record Service Corp., 1999 WL 335826, *7 (S.D.N.Y. 1999) ("Only the SSA has the ability to issue a Social Security card.").[4]

Third, to the extent that this Court might consider that Arroyo simply erred in naming the Commonwealth of Massachusetts as the Defendant instead of the Commissioner of the SSA, and to the extent that he actually seeks mandamus relief compelling SSA officials to issue a new social security number), Arroyo has not set forth a cognizable claim for mandamus relief. See Palmer v. Astrue, 2012 WL 3095436 (S. D. Fla. Jul. 30, 2012) . In addressing mandamus actions against a federal agency, Palmer stated:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is available as a remedy to a plaintiff if (1) he has a clear right to the relief requested; (2) he has a clear duty to act; and (3) he has exhausted all other avenues relief. Heckler v. Ringer, 466 U.S. 602, 616–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir.2004), cert. denied, 543 U.S. 1050, 125 S.Ct. 866, 160 L.Ed.2d 770 (2005). Therefore, if the plaintiff has an "alternative 'avenue of relief,' " he may not invoke the remedy of mandamus. Lifestar Ambulance Service. Inc. v. United States, supra, 365 F.3d at 1295. Further, "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhard, 327 F.3d 1252, 1257.

Palmer, 2012 WL 3095436 at *2. See Cintron v. Commissioner of the Social Sec. Admin., 2011

---

[4]The statute provides for the assignment of Social Security numbers to qualified individuals. 42 U.S.C. § 405(c); Jones v. Sullivan, 938 F. 2d 801, 803 (7th Cir. 1991).

WL 2791351, *13 (S.D.N.Y. 2011) (discussing the interplay between sovereign immunity of the United States and application of 28 U.S.C. § 1361).

Here, Arroyo has not set forth any basis to show that he has a clear right to the relief requested, that the SSA has a duty to act, or that compelling circumstances exist.[5]  He also has not set forth any facts to show that he has he has exhausted all other avenues relief and has no other remedy.  Indeed, where a person is a victim of identity theft and is disadvantaged by using the original social security number assigned (as Arroyo claims here), he/she may apply to the SSA for a new number.  The SSA provides a form Application for a Social Security Card (SS-5) and requires the applicant submit certain other documentation proving identity.[6]  Although Arroyo references his dealings with the SSA branch located in Massachusetts, it is unknown whether Arroyo has availed himself of the correct application process.[7]

Finally, Arroyo has not set forth any allegation that he has exhausted his administrative

---

[5]"[M]andamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts."  Infinity v. Social Security Admin., 2012 WL 2889110, *2  (D. Md. 2010) citing Shoshone–Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D. C. Cir. 1995) and First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988) (rejecting petitioner's application for a name change of his Social Security records).

[6]See United States v. Barrie, 267 F.3d 220, 221 (3d Cir. 2001) ("To obtain a valid Social Security card, the applicant must submit an SS-5 form and provide supporting documentation, such as a birth certificate or permanent resident alien card, to verify that the applicant is entitled to a card.  A claims representative reviews the form and supporting documentation to verify the applicant's identity and entitlement to a Social Security card.").

[7]Although it is unclear, it may be inferred from Arroyo's allegations of his birth date and U.S. citizenship that the SSA has deemed that Arroyo has failed to produce sufficient proof of his identity and that this is the basis for the SSA's refusal to give him a new social security number.  Moreover, before the SSA will issue a new social security number, it requires proof that the victim of identity theft continues to be disadvantaged by the misuse of his social security number.  See the SSA's official website: www.socialsecurity.gov/pubs/10064.html.

remedies with the SSA, and that he received a final agency decision subject to judicial review in

this Court.  See Lowry v. Social Security Administration, 2000 WL 730412, *9 (D. Or. 2000)

("If [plaintiff's] claims arise under the Social Security Act, then they are governed solely by

§ 405(g) (providing for judicial review of a final decision of the Commissioner of Social

Security)).

     In light of the above, Arroyo has failed to set forth any plausible claims upon which relief

may be granted by this Court, and therefore this action will be DISMISSED *sua sponte*.

CONCLUSION

     Based on the foregoing, it is hereby Ordered that:

1.     Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No.   ) is DENIED; and

2.     This action is DISMISSED in its entirety.


SO ORDERED.

                         /s/ George A. Toole, Jr.
                         GEORGE A. O'TOOLE, JR.
                         UNITED STATES DISTRICT JUDGE

DATED: October 10, 2012